IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent.**

**v.**                                        **CIV-05-0970 RB/LAM**
                                               **CR- 03-1265 RB**

**JUAN ANTONIO HUIZAR,**

    **Defendant-Movant,**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

## **PROPOSED FINDINGS**

1.     **THIS MATTER** is before the Court on Defendant-Movant Huizar's *Motion* (*Doc. 1*) (hereinafter, "*Motion*")[2] seeking relief pursuant to 28 U.S.C. § 2255. In response to the *Motion*, Plaintiff-Respondent filed its *United States' Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255* (*Doc. 11*) (hereinafter, "*Response*"). The *Response* includes, as Exhibit 1, the affidavit of Marcia J. Milner, an attorney who represented Mr. Huizar in the criminal case that is the subject of his *Motion*.[3]

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] Unless otherwise noted, all referenced document numbers are from Case No. CIV-05-0970.

[3] The affidavit of Ms. Milner filed as an exhibit to the *Response* is not subscribed and sworn; however, an identical version of the affidavit, subscribed and sworn to by Ms. Milner, was filed in this case as *Document 12* on February 23, 2007.

2. District Judge Robert C. Brack referred the claims raised in the *Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[4] Having considered the parties' submissions, relevant law and the record in this case and in Case No. CR-03-1265 RB, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Huizar's *Motion* be **DENIED**, without an evidentiary hearing, and that this case be **DISMISSED WITH PREJUDICE**.

### Procedural Background

3. On July 1, 2003, Mr. Huizar was indicted by a federal grand jury in the District of New Mexico on the charge of conspiracy to commit the offense of possession with intent to distribute 1,000 kilograms and more of marijuana, a Schedule I controlled substance, contrary to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. § 846.[5] On July 18, 2003, he was arrested on the charge in the indictment pursuant to an arrest warrant.[6]

4. On December 10, 2003, attorney Marcia J. Milner was appointed to represent Mr. Huizar, replacing his previous attorney.[7] All of Mr. Huizar's ineffective assistance of counsel claims in his *Motion* relate to the performance of Ms. Milner.

---

[4]*See **Order of Reference Regarding Prisoner Cases*** (*Doc. 3*).

[5]*See **Indictment*** (*Doc. 1*), filed in Case No. CR-03-1265.

[6]*See **Warrant for Arrest*** (*Doc. 2*), filed in Case No. CR-03-1265.

[7]*See **CJA 20 Appointment of and Authority to Pay Court Appointed Counsel*** (*Doc. 28*), filed in Case No. CR-03-1265.

5. On March 8, 2004, Mr. Huizar entered into a written plea agreement (hereinafter, "**Plea Agreement**") with the government.[8] On the same date, he pled guilty to the charge in the indictment in a plea hearing before Judge Brack.[9]

6. On September 7, 2004, Judge Brack sentenced Mr. Huizar to one-hundred and forty (140) months of imprisonment, five years of supervised release, special conditions of supervision and a special penalty assessment of $100.00.[10]

7. In the **Plea Agreement**, Mr. Huizar waived his right to appeal his sentence, except to the extent, if any, that the court departed upwards from the applicable sentencing guideline range as determined by the court.[11] Mr. Huizar did not file an appeal.

8. On September 7, 2005, Mr. Huizar filed his **Motion** under 28 U.S.C. §2255 asserting the claims described below.

### Plaintiff's Claims

9. Mr. Huizar is a federal inmate appearing *pro se*. Because he is a *pro se* litigant, his **Motion** must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

10. In his **Motion**, Mr. Huizar makes the following claims: (1) because of his attorney's ineffective assistance, his guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the legal consequences of the plea; (2) his conviction

---

[8] *See* **Plea Agreement** (*Doc. 34*), filed in Case No. CR-03-1265.

[9] *See* **Transcript of Juan Antonio Huizar Plea Hearing** (March 8, 2004), in Case No. CR-03-1265, at 9-10.

[10] *See* **Judgment in a Criminal Case** (*Doc. 37*), filed in Case No. CR-03-1265, at 2-*5*.

[11] *See* **Plea Agreement** at 5.

was obtained by the use of evidence resulting from his unlawful arrest and pursuant to a defective indictment; he was denied a jury trial; and his attorney was ineffective in failing to file proper motions and properly prepare for his sentencing; (3) his attorney provided ineffective assistance related to his sentencing; and (4) he was denied the right to appeal his conviction and sentence due to his attorney's ineffective assistance related to his plea and sentencing.[12]  Thus, all of Mr. Huizar's claims allege ineffective assistance of counsel.

11.    The *Motion* contains a generalized prayer for relief, asking for such "relief to which he . . . may be entitled in this proceeding."[13]  However, it appears from the allegations in the *Motion*, and the fact that it was filed pursuant to 28 U.S.C. § 2255, that Mr. Huizar is asking the Court to vacate and set aside the judgment entered in Case No. CR-03-1265, and allow him to withdraw his guilty plea and go to trial.

12.    In its *Response* to the *Motion*, Plaintiff-Respondent United States of America (hereinafter, "United States") argues that: (1) the performance of Mr. Huizar's attorney was not constitutionally ineffective under the standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); (2) Mr. Huizar has only offered conclusory allegations in support of his claims and his claims are not supported by the record; and (3) Mr. Huizar is not entitled to an evidentiary hearing because his *Motion* and the files and records of this case and Case No. CR-03-1265 conclusively show that he is entitled to no relief.[14]

---

[12] *See Motion* at "(5) - (6)."  Without explanation, Mr. Huizar numbered his *Motion* beginning with "(2)" as the first page.  All references herein to his *Motion* are to the pagination designations made by Mr. Huizar.

[13] *Id.* at sixth page.

[14] *See Response* at 5-10.

4

**Analysis**

13.	In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance claim under the *Strickland* standard, Mr. Huizar must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by the attorney's deficient performance.  *Id.* at 687-688.  Both showings must be made to satisfy the *Strickland* standard.  *Id.* at 687.  A showing of unreasonable performance requires that Mr. Huizar overcome the strong presumption that his attorney's conduct was within the wide range of reasonable professional assistance.  *Id.* at 689.  Additionally, because Mr. Huizar pled guilty, the prejudice prong of the *Strickland* standard requires him to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Court does not have to address both prongs of the *Strickland* standard if the defendant makes an insufficient showing on one.  *Strickland*, 466 U.S. at 697.

*Guilty Plea Unlawfully Induced or Not Made Voluntarily*
*With an Understanding of the Nature of the Charge*
*and the Consequences of the Plea due to Ineffective Assistance of Counsel*

14.	For his first claim, Mr. Huizar contends that his attorney provided him with ineffective assistance by failing to properly explain to him, and advise him about, the "important rights he was bargaining away by entering a guilty plea".[15]  He contends that his attorney only told him about the worst that could happen to him if he went to trial and failed to advise him about the constitutional

---

[15] *See* **Motion**, at "(5)."

rights he would be giving up if he did not go to trial.[16] He also contends that his attorney failed to explain the nature of the offense and the charge against him.[17]

15.     Mr. Huizar's allegations that he was not told about the rights he was giving up by entering a guilty plea are conclusory and contradicted by the record.  In her affidavit, Ms. Milner states that she met with Mr. Huizar on January 28, 2004, and reviewed the *Plea Agreement* with him.[18] The *Plea Agreement*, which was signed by Mr. Huizar on March 8, 2004, includes provisions in which he expressly acknowledged and waived his rights to plead not guilty, to have a trial by jury, to confront and cross-examine witnesses and call witnesses in his defense, and also acknowledged and waived his right against compelled self-incrimination.[19] The *Plea Agreement* also includes provisions in which he waived his right to appeal his sentence if it fell within the guideline range determined by the Court, and acknowledged that he had read the *Plea Agreement*, carefully reviewed it with his attorney, understood it and voluntarily signed it.[20] At his plea hearing, Mr. Huizar testified under oath to Judge Brack that he had read and signed the *Plea Agreement*, that he had discussed its contents with Ms. Milner before he signed it, and that he understood it and agreed to be bound by its terms.[21] These facts are not indicative of unreasonable performance by Ms. Milner related to her explanation of the *Plea Agreement* to Mr. Huizar and of the rights he was giving up by entering a guilty plea.

---

[16]*Id.*

[17]*Id.*

[18]*See* **Response**, Exhibit 1, at ¶ 4, and *Affidavit* (*Doc. 12*) at ¶ 4.

[19]*See* **Plea Agreement** at ¶¶ 2-3.

[20]*Id.* at ¶ 10 and at 7.

[21]*See* **Transcript of Juan Antonio Huizar Plea Hearing** (March 8, 2004) at 2-3.

16.     Moreover, even if the Court were to assume that Ms. Milner did not explain to Mr. Huizar the rights he was giving up by entering a guilty plea, there is no requisite showing that he was prejudiced by her deficient performance.  At Mr. Huizar's plea hearing, Judge Brack reviewed in detail with Mr. Huizar the constitutional rights he was giving up by entering a guilty plea and confirmed that Mr. Huizar understood he was giving up these rights.[22]  Judge Brack explained to Mr. Huizar that he was giving up his constitutional right to a trial by jury on the charge in the indictment, his right to appointed counsel at trial, and his rights to subpoena and call witnesses and to confront and cross-examine the government's witnesses at trial.[23]  Judge Brack also explained to Mr. Huizar that by pleading guilty he was giving up his right to remain silent and his presumption of innocence until proven guilty beyond a reasonable doubt and, pursuant to the ***Plea Agreement***, the right to appeal his sentence if it fell within the applicable guideline range determined by the Court.[24]  Judge Brack also told Mr. Huizar that he did not have to plead guilty and could proceed to trial and Mr. Huizar acknowledged that he understood this.[25]  Judge Brack's explanation to Mr. Huizar of the rights he was giving up by entering a guilty plea obviated any prejudice that might have resulted if Ms. Milner failed to provide this explanation to Mr. Huizar.  Accordingly, there is no showing of prejudice because Judge Brack explained these rights to Mr. Huizar at the plea hearing and Mr. Huizar elected to plead guilty anyway.

---

[22]*See **Transcript of Juan Antonio Huizar Plea Hearing*** (March 8, 2004) at 4-5, 9.

[23]*Id.* at 4-5.

[24]*Id.* at 5, 9.

[25]*Id.*

17.     Mr. Huizar's conclusory allegations that Ms. Milner failed to explain the nature of the offense and the charge against him are also contradicted by the record. In her affidavit, Ms. Milner states that she met with Mr. Huizar on December 12, 2003, and explained the nature of the offense charged in the indictment and the application of the United States Sentencing Guidelines (hereinafter, "Guidelines") to him.[26] She states that she discussed the application of the Guidelines with him on multiple occasions thereafter.[27] She states that Mr. Huizar never told her that he had any objections to the facts in his presentence report, the offense level of his charge or his criminal history calculation.[28] In the *Plea Agreement*, which includes a description of the offense that Mr. Huizar was charged with and the maximum penalty for that offense, he agreed to plead guilty to the charge and represented that he understood the maximum penalty that could be imposed for the charge.[29] He also represented that he had "thoroughly reviewed all aspects of [his] case with his attorney and [was] fully satisfied with that attorney's legal representation."[30] At the plea hearing, in response to questioning by Judge Brack, Mr. Huizar testified under oath that he had seen the indictment, that he understood what he was charged with and that he understood the maximum penalty for the charge.[31] These facts do not suggest that Ms. Milner's performance was deficient, with regard to an explanation of the offense and the charge against Mr. Huizar, and there is no showing that her performance prejudiced him in any way on this issue.

---

[26]*See Response*, Exhibit 1 at ¶ 2, and *Affidavit* (*Doc. 12*) at ¶ 2.

[27]*Id.* at ¶¶ 3-9.

[28]*Id.* at ¶ 9.

[29]*See Plea Agreement* at ¶¶ 3-4.

[30]*Id.* at ¶ 1.

[31]*See Transcript of Juan Antonio Huizar Plea Hearing* (March 8, 2004) at 3-4.

18.     In addition to the foregoing, there is considerable evidence in the record that Mr. Huizar's plea was knowing and voluntary which is only contradicted by his conclusory allegations that it was not. The *Plea Agreement* includes Mr. Huizar's representation that his guilty plea was "freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement."[32] In addition, at his plea hearing, under questioning by Judge Brack, Mr. Huizar testified under oath that no one forced or threatened him to enter his plea, no one promised him anything in return for his plea other than the terms of the *Plea Agreement*, he had not had any drugs or alcohol in the last twenty-four hours, he understood why he was there, and he had no complaints about Ms. Milner's representation.[33] Moreover, at the plea hearing, Judge Brack found that it was reasonable for Mr. Huizar to plead guilty and, based on Mr. Huizar's responses at the hearing, that he pled guilty "knowingly, voluntarily, intelligently and competently."[34] These statements by Mr. Huizar, and Judge Brack's findings that Mr. Huizar's plea was knowing, intelligent, competent and voluntary, "constitute a formidable barrier in any subsequent collateral proceedings." *See Romero v. Tansey*, 46 F.3d 1024, 1033 (10th Cir. 1995), quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mr. Huizar has failed to make a viable showing that his plea was not knowing and voluntary due to ineffective assistance by his counsel, Ms. Milner.

### *Unlawful Arrest, Defective Indictment, Denial of Jury Trial and Ineffective Assistance of Counsel*

19.     For his second claim, in allegations which are entirely conclusory, Mr. Huizar contends that his conviction was obtained by the use of evidence resulting from his unlawful arrest and

---

[32]*Plea Agreement* at ¶ 13.

[33]*See* **Transcript of Juan Antonio Huizar Plea Hearing** (March 8, 2004) at 8-9.

[34]*Id.* at 10.

pursuant to a defective indictment (alleging that his indictment failed to state a crime); the elements of the charge against him were not proved to a jury beyond a reasonable doubt; Ms. Milner was ineffective in failing to file proper motions such as motions to attack the indictment and for discovery; and Ms. Milner was ineffective in failing to properly prepare for his sentencing.[35]

20.     There is nothing in the record to suggest that Mr. Huizar's indictment was defective or failed to state a crime, or that his arrest was unlawful.  Mr. Huizar was indicted by a federal grand jury on the charge to which he pled guilty, *i.e.*, conspiracy to commit the offense of possession with intent to distribute 1,000 kilograms and more of marijuana, contrary to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. § 846, and he was arrested on that charge pursuant to an arrest warrant.[36]  The arrest warrant was served on Mr. Huizar while he was incarcerated in a federal prison and there are no facts in the record to indicate that the arrest was unlawful.[37]  The indictment was sufficient because it contained the elements of the offense charged against him and fairly informed him of the charge, and because it enabled him to plead an acquittal or conviction to the charge as a bar to future prosecution for the same offense.  *See United States v. Janoe*, 720 F.2d 1156, 1159 (10th Cir. 1983), citing, *inter alia*, *United States v. Bailey*, 444 U.S. 394, 414 (1980).  Mr. Huizar was not tried to a jury because he waived the right to a jury trial in the ***Plea Agreement*** and by pleading guilty after Judge Brack explained his right to

---

[35] *See **Motion*** at "(5)."

[36] *See **Indictment*** (*Doc. 1*) and ***Warrant for Arrest*** (*Doc. 2*), both filed in Case No. CR-03-1265.

[37] *See **Warrant for Arrest*** (*Doc. 2*), filed in Case No. CR-03-1265.

a jury trial at the plea hearing.[38] There is no showing that Ms. Milner was ineffective in failing to file motions, and there is nothing in the record to suggest that motions challenging Mr. Huizar's indictment or arrest, or seeking additional discovery, would have been successful or caused him to reject his plea offer and insist on going to trial.[39] It is not ineffective assistance of counsel to fail to make meritless arguments. *See Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990), citing *Strickland*, 466 U.S. at 694 (no ineffective assistance absent showing of reasonable probability that outcome would have been different). Finally, there is nothing in the record to suggest that Ms. Milner was ineffective in failing to properly prepare for Mr. Huizar's sentencing. In her affidavit, Ms. Milner states that she discussed the application of the Guidelines, and numerous issues related to the application of the Guidelines, with Mr. Huizar at meetings with him on December 12, 2003, January 19, 2004, and January 28, 2004.[40] She also states that she met with Mr. Huizar on May 7, 2004, and July 7, 2004, to review his presentence report and prepare for his sentencing hearing.[41] The **Plea Agreement** contains numerous provisions regarding the application of the Guidelines to his case and includes a statement with reference to Mr. Huizar that "[t]he defendant has reviewed the application of the guidelines with his attorney."[42]

---

[38] *See* **Plea Agreement** at ¶¶ 2-3; ***Transcript of Juan Antonio Huizar Plea Hearing*** (March 8, 2004) at 4, 9-10.

[39] The record indicates that Ms. Milner did obtain some discovery and that she reviewed it with Mr. Huizar before he entered a guilty plea. In her affidavit, Ms. Milner states that she met with Mr. Huizar on January 19, 2004, and reviewed approximately 814 pages of discovery with him. *See* **Response**, Exhibit 1 at ¶ 3, and ***Affidavit*** (*Doc. 12*) at ¶ 3.

[40] *Id.* at ¶¶ 2-8.

[41] *Id.* at ¶ 9.

[42] **Plea Agreement** at ¶ 5.

11

21.     Accordingly, the Court finds no support in the record for Mr. Huizar's second claim that his arrest was unlawful, that his indictment was defective because it failed to state a crime, that he was not convicted by a jury, and that Ms. Milner rendered ineffective assistance in failing to file proper motions and failing to properly prepare for his sentencing.

### *Ineffective Assistance of Counsel Related to Sentencing*

22.     For his third claim, Mr. Huizar contends that Ms. Milner provided ineffective assistance of counsel related to his sentencing.  He argues, in conclusory fashion, that Ms. Milner failed to represent him to the best of her ability, training and skills; that if she had called witnesses and investigated his case, his sentence would have been different; that she was not interested in his case and showed no concern for his well-being; that her performance fell below the two-prong standard set forth in *Strickland*; and that he was denied a fair trial and given bad advice which resulted in his receiving a longer sentence than he would have received with effective assistance of counsel.[43] These arguments, which are non-specific and conclusory, do not suffice to establish prejudice under the *Strickland* standard and, therefore, lack merit.  *See Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994) (vague and conclusory evidence is insufficient to show prejudice under *Strickland* standard).

23.     Moreover, in addition to being conclusory, these arguments are refuted by the ***Plea Agreement***, Mr. Huizar's statements in the record and Ms. Milner's affidavit. The ***Plea Agreement*** states that Mr. Huizar "thoroughly reviewed all aspects of this case with his

---

[43]*See **Motion** at "(5) - (6)."*

attorney" and was "fully satisfied with that attorney's representation."[44]  At the plea hearing, in the following exchange with Judge Brack, Mr. Huizar expressed complete satisfaction with Ms. Milner's legal representation:

> THE COURT:  Ms. Milner has represented you.  Are you satisfied with her advice?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Any complaints at all about your lawyer?
>
> THE DEFENDANT:  No, Your Honor.[45]

Ms. Milner's affidavit describes in detail her representation of Mr. Huizar, including the dates and subjects of her meetings with him, her review of the evidence in his case, her explanation of the Guidelines to him and of the possible outcomes of trial, her review of his plea offer and the *Plea Agreement*, her analysis of his criminal history and its impact on his sentencing, and her meetings with him to review his presentence report and prepare for his sentencing hearing.[46]  Thus, in addition to finding no legal merit to Mr. Huizar's arguments, the Court finds no factual support for them in the *Motion* or the record.

### *Denial of the Right to Appeal Due to Ineffective Assistance of Counsel*

24.    For his fourth claim, Mr. Huizar contends that he was denied the right to appeal his conviction and sentence due to Ms. Milner's ineffective assistance at his plea and sentencing hearings. He argues that Ms. Milner's assistance was ineffective because she failed to address important issues that would affect the outcome of his sentence; failed to give advice that would cause him to fully

---

[44]*Plea Agreement* at ¶ 1.

[45]*Transcript of Juan Antonio Huizar Plea Hearing* (March 8, 2004) at 8-9.

[46]*Response*, Exhibit 1 at ¶¶ 2-9, and *Affidavit* (*Doc. 12*) at ¶¶ 2-9.

understand his guilty plea; told him that there was nothing to appeal and that his appeal would not be granted; and failed to advise him that he could appeal or that he had a constitutional right to appeal his sentence.[47]  These arguments, which are conclusory, unsupported by facts and refuted by the record, have no merit.

25.   In the *Plea Agreement*, Mr. Huizar waived his right to appeal his sentence, except to the extent, if any, that the court departed upwards from the applicable sentencing guideline range which it did not.[48]  Mr. Huizar did not file an appeal.  The *Plea Agreement* contains the following language regarding Mr. Huizar's right to appeal his sentence and his waiver of that right:

> The defendant is aware that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the applicable guideline range as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor.  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.[49]

In her affidavit, in the following language, Ms. Milner states that she reviewed the foregoing provision from the *Plea Agreement* with Mr. Huizar and discussed its impact on his right to appeal his sentence:

> I explicitly reviewed the language concerning his right to appeal his sentence pursuant to 18 U.S.C. § 3742, and explained that he could only appeal his sentence if the court departed upwards from the

---

[47] *Motion* at "(6)."

[48] *See Plea Agreement* at ¶ 10.

[49] *Id.*

>applicable sentencing guideline range as determined by the court. I explained that if the court did not depart upwards and accepted the parties['] stipulations there was a strong likelihood that he would not prevail should he appeal his sentence. In addition, I explained his right to file a motion pursuant to 28 U.S.C. §2255, alleging ineffective assistance of counsel.[50]

She also states that she met with Mr. Huizar twice to review his presentence report and prepare for his sentencing hearing and that he never expressed any objections to the facts of the report, apart from minor typographical errors, the offense level or the criminal history calculation.[51] During his plea hearing, just before he entered his guilty plea, Mr. Huizar acknowledged to Judge Brack, in the following exchange, that he understood that he was waiving his appeal right and that he had discussed this fact with his attorney:

>THE COURT: . . . . Mr. Huizar, it occurs to me that in your plea agreement, there's also a waiver of appeal rights. Are you aware of that?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: You've talked with your counsel about that language specifically?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: And that you have waived your right to appeal any sentence within the applicable Guideline range as determined by the Court; do you understand?
>
>THE DEFENDANT: Yes, Your Honor.[52]

---

[50] *Response*, Exhibit 1 at ¶ 8, and *Affidavit* (*Doc. 12*) at ¶ 8.

[51] *Id.* at ¶ 9.

[52] *Transcript of Juan Antonio Huizar Plea Hearing* (March 8, 2004) at 9.

Thus, there is simply no evidence in the record to support Mr. Huizar's conclusory allegations that Ms. Milner's performance regarding Mr. Huizar's waiver of his appeal rights was deficient or that he was prejudiced by her performance with regard to his appeal rights.  Nor is there evidence that Ms. Milner's performance at Mr. Huizar's sentencing hearing adversely affected his sentence.  Under the Guidelines, for the offense to which Mr. Huizar pled guilty, he had an Offense Level of 29 and his Criminal History Category was V; therefore, the Guideline imprisonment range was 140 to 175 months.[53]  Judge Brack sentenced Mr. Huizar to 140 months, the lowest end of the sentencing range, which does not suggest any prejudice resulting from Mr. Milner's representation at the sentencing hearing.[54]

### *Evidentiary Hearing*

26.     Under 28 U.S.C. § 2255, the Court must conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  However, a § 2255 movant must allege facts which, if proved, would entitle him to relief. *See United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996).  Conclusory allegations, without supporting factual averments, do not warrant relief in a § 2255 proceeding.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Because the *Motion* and the files and records in this case conclusively show that Mr. Huizar is entitled to no relief, an evidentiary hearing is not required.

### **Conclusion**

---

[53] *See **Transcript of Juan Antonio Huizar Sentencing Hearing*** (September 7, 2004), in Case No. CR-03-1265, at 9.

[54] *Id.* at 10; ***Judgment in a Criminal Case*** (*Doc. 37*), filed in Case No. CR-03-1265, at 2.

27.     After carefully reviewing the record, including the transcripts of the plea and sentencing hearings and the parties' submissions, the undersigned finds that Mr. Huizar has failed to show that Ms. Milner's performance fell below an objective standard of reasonableness or that he was prejudiced by her alleged deficiencies. His allegations are either conclusory or without legal merit. Consequently, the undersigned recommends that the *Motion* be denied, without an evidentiary hearing, and that this case be dismissed with prejudice.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Mr. Huizar's *Motion* (*Doc. 1*) be **DENIED**, without an evidentiary hearing, and that this case be **DISMISSED WITH PREJUDICE**.

*Lourdes A. Martínez*
 
**Lourdes A. Martínez**
**United States Magistrate Judge**